# DECISIONS

OF THE

## SUPREME COURT OF MISSOURI.

### SECOND JUDICIAL DISTRICT,

APRIL TERM, 1842.

---

### CRANE v. TAYLOR.

The evidence and proceedings in a cause cannot be reviewed by the Supreme Court, unless they are preserved in a bill of exceptions. (See Butcher v. Keil & Butcher, 1 Mo. R. 262; Davis v. Hays, ib. 270; Alexander v. Hayden, 2 Mo. R. 211; Bartlett v. Draper, 3 Mo. R. 487; County of Boon v. Corlew, ib. 12; Foster v. Nowlin, 4 Mo. R. 18; Coleman v. McKnight, ib. 83; Richardson v. Harrison, ib. 232; Davidson v. Peck, ib. 439; Swearingen. v. Newman, ib, 456; Withington v. Young, ib. 564; Searcy v. Devine, ib. 626; Hughes v. Ellison, 5 Mo. R. 110; Pratt v. Rogers, ib. 51; Thompson v. Child, 6 Mo. R. 162; Gale v. Pearson, ib. 253; Magehan v. Orme & Speers. 7 Mo. R. 4; Shelton v. Ford & others, ib. 209; Benoist & Hackney v. Powell & Wilson, ib. 224.)

Appeal from the Circuit Court of Benton county.

PHELPS for Defendant in error.

*Opinion of the Court delivered by Tompkins, Judge.*

Taylor brought his suit against Crane before a justice of the peace and obtained judgment against him. Crane appealed to the circuit court. That court dismissed his appeal; and he appeals to this court. Crane assigns for error, that the circuit court dismissed his appeal. There is no bill of exceptions to show on the record the reasons why the appeal was dismissed, and this court must presume that the cir-

The evidence and proceedings in a cause cannot be re-

30

APRIL TERM, cuit court gave a correct judgment, when nothing appears
   1842.     on the record to show the contrary.

Crane        The Judgment of the circuit court is therefore af-
v.      
Taylor.    firmed.